Scott Lieske, Esq., #016250
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorney for Russell Brown, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ALAN E. JONES,<br><br>and<br><br>ADA E. HARDWICK-JONES,<br><br><br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:08-BK-04842-GBN<br><br>**TRUSTEE'S RESPONSE TO DEBTORS' MOTION FOR HARDSHIP DISCHARGE** |

Russell A. Brown, Chapter 13 Trustee, has reviewed the Debtors' Motion for Hardship Discharge of Chapter 13 Proceeding.

Debtors have filed a Motion for Hardship Discharge on the basis that Debtor Alan E. Jones, who was the primary source of income for the Debtors, passed away on August 7, 2010. In order to receive a Hardship Discharge, 11 U.S.C. §1328(b) requires that three separate elements be met:

(1) the debtor's failure to complete such payments is due to circumstance for which the debtor should not justly be held accountable.

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

It would appear that the Debtors' circumstances meet the first and third elements of the relevant statute. As of the date of this Response, the Debtors have paid in only $9,824.00 to their Chapter 13 estate. These funds have been disbursed to Debtors' counsel, the Chapter 13 Trustee's

administrative fees, and the secured claims of Presto Auto Loans and Sunwest Federal Credit Union. Since the secured claims have not yet been paid off, the unsecured claims have not yet received any distributions. However, the Plan Analysis attached to the Debtors' Chapter 13 Plan indicates that there is no non-exempt property that requires Chapter 7 Reconciliation. Therefore, unsecured creditors have been paid at least as much as if the estate of the debtors had been liquidated under Chapter 7, thus adequately addressing the second required element of the statute.

The Trustee notes that secured vehicle creditors Presto Auto Loans and Sunwest Federal Credit Union have not yet been paid the full amount of their claims. Although the hardship discharge will discharge the Debtors of the financial obligation, the creditors' liens on the vehicles will remain.

WHEREFORE; the Trustee has no objection to the Motion for Hardship Discharge.

Dated: August 20, 2010.

/s/ Scott Lieske
Scott A. Lieske, Esq.   ABN 16250
Staff Attorney for Chapter 13 Trustee
*SLieske@ch13bk.com*

A copy of the foregoing
was mailed on August 20, 2010, to:

Alan E. Jones
Ada E. Hardwick-Jones
16118 W. Jefferson Street
Good Year, AZ 85338

Christopher J. Piekarski
Nathan J. Breslford
PIEKARSKI & BRELSFORD
2633 E. Indian School Rd., Ste. 460
Phoenix, AZ 85016

/s/ Scott Lieske

2